

1  RANDY S. GROSSMAN
   United States Attorney
2  P. KEVIN MOKHTARI
   Assistant U.S. Attorney
3  California Bar No. 253283
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-8402
   Email: kevin.mokhtari@usdoj.gov
6
   Attorneys for United States of America
7

8           UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          Case No. 18CR0390-DMS

11          Plaintiff,

12      v.                             PLEA AGREEMENT

13  WILLIAM ESTUARDO LEMUS-LARA (1),
        aka "Humilde,"
14      aka "Humil,"
        aka "Chawy,"
15      aka "Chawi,"

16          Defendant.

17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18  AMERICA, through its counsel, Randy. S. Grossman, United States

19  Attorney, and P. Kevin Mokhtari, Assistant U.S. Attorney, and Defendant

20  WILLIAM ESTUARDO LEMUS-LARA, with the advice and consent of Rene A.

21  Sotorrio and Michael L. Crowley, counsel for Defendant, as follows:

22                              I

23                           THE PLEA

24      Defendant agrees to plead guilty to Counts 1 and 2 of the

25  Indictment charging Defendant with:

26                           COUNT 1

27      Beginning on a date unknown to the grand jury and continuing
    up to and including January 2018, defendants WILLIAN ESTUARDO
28  LEMUS-LARA, aka "Humilde," aka "Humil," aka "Chawy," aka

Plea Agreement                              Def. Initials [initials]
                                            18CR0390-DMS

"Chawi," and    JOSUE ADAN LEMUS-LARA, aka "Fenix," aka
"Fennix," who will first enter the United States in the
Southern District of California, did knowingly and
intentionally conspire with each other and with persons known
and unknown to the grand jury to possess with intent to
distribute 5 kilograms and more of a mixture and substance
containing a detectable amount of cocaine, a  Schedule II
Controlled Substance, on board a vessel subject to the
jurisdiction of the United States; in violation of Title 46,
United States Code, Sections 70503 and 70503(b).

COUNT 2

Beginning at a date unknown to the grand jury and continuing
up to and including January 2018, in the countries of
Colombia, Guatemala, Costa Rica, Mexico and elsewhere,
defendants WILLIAN ESTUARDO LEMUS-LARA, aka "Humilde," aka
"Humil," aka "Chawy," aka "Chawi," and   JOSUE ADAN LEMUS-
LARA, aka "Fenix," aka "Fennix," who will first enter the
United States in the Southern District of California, did
knowingly and intentionally conspire with each other and
persons known and unknown to the grand jury to distribute and
cause the distribution of a controlled substance, to wit: 5
kilograms and more of a mixture and substance containing a
detectable amount of cocaine, a   Schedule II Controlled
Substance; intending, knowing, and having reasonable  cause
to believe that such cocaine would be unlawfully imported
into the United States; all in violation of Title 21, United
States Code, Sections 959, 960, and 963.

<u>Preservation</u>.    Defendant   agrees   that,   following   entry   of
Defendant's guilty plea, the Government need not hold or preserve any
evidence seized in connection with this case. For any controlled
substance seized in connection with this case, Defendant agrees that,
following entry of Defendant's guilty plea, the Government may destroy
the controlled substance 30 days after the Government has provided
Defendant with the laboratory analysis report. If Defendant believes
that additional testing is needed, Defendant will arrange for and
complete such testing within that 30-day period, unless that period is
extended by joint written agreement or Court order, in which case the
Government shall preserve the controlled substance for the agreed-upon
or judicially mandated period. If the court has issued a preservation
order in connection with any seized evidence, Defendant will request

Def. Initials

18CR0390-DMS

that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

**Criminal Forfeiture.** In addition, Defendant consents to the forfeiture allegations of the Indictment and agrees the attached forfeiture addendum shall govern forfeiture in this case.

## II

## NATURE OF THE OFFENSE

### A.   ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

### COUNT 1

1.   There was an agreement between two or more persons to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States;

2.   Defendant joined in the agreement knowing of its purpose to possess with intent to distribute cocaine and intending to help accomplish that object.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the offense involved at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

### COUNT 2

1.   There was an agreement between two or more persons to distribute cocaine outside of the United States;

2.   Defendant joined in the agreement knowing of its purpose to distribute cocaine and intending to help accomplish that purpose.

3.   The conspiracy intended that the cocaine be unlawfully brought into the United States or knew that the cocaine would be unlawfully brought into the United States.

Def. Initials ____

18CR0390-DMS

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the offense involved at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

As to the forfeiture, the Government would have to prove, by a preponderance of the evidence, the property constitutes or is derived from proceeds the Defendant obtained directly or indirectly from the violations, or was property used, or intended to be used, to commit or to facilitate the commission of the violations.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

### COUNTS 1 & 2

1.    For a two-year period, ending in January 2018, defendant knowingly and intentionally agreed and conspired with others to distribute cocaine in Guatemala and elsewhere, knowing and having reasonable cause to believe that the cocaine would be unlawfully imported into the United States.

2.    During the two-year period, defendant also knowingly and intentionally agreed and conspired with others to possess with intent to distribute cocaine onboard vessels that were subject to the jurisdiction of the United States.

3.    As part of and in furtherance of these agreements, defendant coordinated and participated in a drug trafficking venture wherein he and others coordinated the transportation of cocaine via maritime vessels from South America to Guatemala, where said cocaine was further transported to Mexico and ultimately to the United States. As part of that venture, Defendant and others distributed cocaine to individuals in Guatemala and elsewhere.

4.    Defendant agrees that the United Sates could prove beyond a reasonable doubt that the amount of cocaine involved in the offenses was at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. Specifically, Defendant organized and led the following cocaine smuggling ventures that resulted in law enforcement seizures of stateless go-fast vessels in international waters: May 19, 2017 (810 kilograms of cocaine); May 23, 2017 (980 kilograms of cocaine); November 9, 2017 (750 kilograms of cocaine); December 16, 2017 (1,082 kilograms of cocaine); January 27, 2018 (601 kilograms of cocaine).

5.    Defendant agrees that he received proceeds of defendant's trafficking activities and used various properties to facilitate the commission of the offenses.

## III

## PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

### COUNTS 1 & 2

### (per count)

A.    a maximum life in prison, and a mandatory minimum 10 years;

B.    a maximum $10,000,000 fine;

C.    a mandatory special assessment of $100 per count;

D.    a term of supervised release of at least 5 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E.    possible ineligibility of certain federal benefits; and

F.    forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds of the

offenses, and all property, real and personal, that was used
to commit or to facilitate the commission of the offenses.

**IV**
**DEFENDANT'S WAIVER OF TRIAL RIGHTS AND**
**UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to
      prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on
      behalf of Defendant; and,

F.    Not testify or have any adverse inferences drawn from the
      failure to testify.

Defendant has been advised by counsel and understands that because
defendant is not a citizen of the United States, defendant's conviction
in this case makes it practically inevitable and a virtual certainty
that defendant will be removed or deported from the United States.
Defendant may also be denied United States citizenship and admission to
the United States in the future.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
**PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant
known to the undersigned prosecutor in this case has been turned over
to Defendant. The Government will continue to provide such information
establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required
to provide impeachment information for its witnesses. In addition, if

Def. Initials _____
18CR0390-DMS

Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

### VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of

1 the parties' sentencing recommendations, Defendant will not withdraw
2 the plea.

3                                    X

4              **PARTIES' SENTENCING RECOMMENDATIONS**

5     A.    SENTENCING GUIDELINE CALCULATIONS

6        Although the Guidelines are only advisory and just one factor the
7 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
8 the parties will jointly recommend the following Base Offense Level,
9 Specific Offense Characteristics, Adjustments, and Departures:

10            1.    Base Offense Level [§ 2D1.1]              38

11            2.    Aggravated Role [§3B1.1]                  +4

12            3.    Acceptance of Responsibility [§ 3E1.1]    -3

13    B.    ACCEPTANCE OF RESPONSIBILITY

14       Despite paragraph A above, the Government need not recommend an
15 adjustment for Acceptance of Responsibility if Defendant engages in
16 conduct inconsistent with acceptance of responsibility including, but
17 not limited to, the following:

18            1.    Fails to truthfully admit a complete factual basis as
19                  stated in the plea at the time the plea is entered, or
20                  falsely denies, or makes a statement inconsistent with,
21                  the factual basis set forth in this agreement;

22            2.    Falsely denies prior criminal conduct or convictions;

23            3.    Is  untruthful  with  the  Government,  the  Court  or
24                  probation officer; or

25            4.    Breaches this plea agreement in any way.

26 //

27 //

28

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to within the guideline range recommended by the Government at sentencing.

G.   SPECIAL ASSESSMENT/FINE/FORFEITURE

    1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

    2.   Fine

The Government will not recommend a fine.

//

H.    SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is the defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    1.    Failing to plead guilty pursuant to this agreement;

    2.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

    3.    Failing to appear in court;

    4.    Attempting to withdraw the plea;

    5.    Failing to abide by any court order related to this case;

    6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

    7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

//

Def. Initials _____

18CR0390-DMS

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

Def. Initials

18CR0390-DMS

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

April 6, 2022
DATED

P. KEVIN MOKHTARI
Assistant U.S. Attorney

3/16/22
DATED

RENE A. SOTORRIO
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

3/14/22
DATED

WILLIAM ESTUARDO LEMUS-LARA
Defendant

Approved By:

_____ for
VICTOR P. WHITE
Assistant U.S. Attorney

Plea Agreement

14

Def. Initials WSS

18CR0390-DMS

**FORFEITURE ADDENDUM**

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A.  <u>Penalty</u>. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit all property, real and personal, that Defendant used in any manner or part to commit or to facilitate the commission of the offense set forth in Count 1 of the Indictment, and all property, real and personal, that constitutes or is derived form proceeds that defendant obtained form the offense set forth in Count 2 of the Indictment and all property used or intended to be used to commit or to facilitate the commission of the offense.

B.  <u>Property Subject to Forfeiture</u>. As part of Defendant's guilty plea to Counts 1 and 2 of the Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property used to commit the offenses set forth in Counts 1 and 2 of the Indictment and all proceeds of the offense set forth in Count 2 of the Indictment.

C.  <u>Basis of Forfeiture</u>. Defendant agrees that forfeiture of all property used to commit or to facilitate the commission of the offense in Count 1 of the Indictment is subject to forfeiture to the United States pursuant to 46 U.S.C. § 70507; and that all proceeds Defendant received from the offense set forth in Count 2 of the Indictment and all property used to commit the offense set forth in Count 2 is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

Defendant agrees that upon execution of the plea agreement he will immediately repatriate and turnover to the United States all forfeitable property, wherever located in the world, including but not limited to

Def. Initials
                                                   18CR0390-DMS

1  Guatemala.  Defendant will wire funds to the account designated by the
2  United States representing proceeds of the offense(s) and will liquidate
3  all  foreign  based  assets  representing  proceeds  and  facilitating
4  properties and wire those funds to the United States as directed by the
5  Government.  Defendant will provide the United States with a full and
6  complete accounting of all foreign based assets and provide written
7  proof of the account balances and the transfers to the United States
8  pursuant to this agreement.

9      D.   Immediate Entry of Preliminary Order of Forfeiture. Defendant
10  consents and agrees to the immediate entry of a preliminary order of
11  forfeiture upon entry of the guilty plea. Defendant agrees that upon
12  entry of the preliminary order of forfeiture, such order shall be final
13  as to Defendant's interests in the properties. Defendant agrees to
14  immediately withdraw any claims in pending administrative or civil
15  forfeiture proceedings to properties seized in connection with this
16  case that are directly or indirectly related to the criminal conduct.
17  Defendant agrees to execute all documents requested by the Government
18  to facilitate or complete the forfeiture process. Defendant further
19  agrees not to contest, or to assist any other person or entity in
20  contesting, the forfeiture of property seized in connection with this
21  case. Contesting or assisting others in contesting the forfeiture shall
22  constitute a material breach of the plea agreement, relieving the
23  Government of all its obligations under the agreement including but not
24  limited to its agreement to recommend an adjustment for Acceptance of
25  Responsibility.   As set forth in paragraph C above, repatriation of
26  all assets is a material part of this agreement and it is a breach of
27  the plea agreement to fail to fully comply with the repatriation
28

Forfeiture Addendum                2                Def. Initials  W.W.

18CR0390-DMS

1  requirements.

2      E.    Entry of Orders of Forfeiture and Waiver of Notice.  Defendant

3  consents  and  agrees  to  the  entry  of  orders  of  forfeiture  for  such

4  property  and  waives  the  requirements  of  Federal  Rules  of  Criminal

5  Procedure  32.2  and  43(a)  regarding  notice  of  the  forfeiture  in  the

6  charging  instrument,  announcement  of  the  forfeiture  at  sentencing,  and

7  incorporation  of  the  forfeiture  in  the  judgment.  Defendant  understands

8  that  the  forfeiture  of  assets  is  part  of  the  sentence  that  may  be

9  imposed  in  this  case  and  waives  any  failure  by  the  Court  to  advise

10 defendant  of  this,  pursuant  to  Rule  11(b)(1)(J),  at  the  time  the  Court

11 accepts the guilty plea(s).

12     F.    Waiver of Constitutional and Statutory Challenges.  Defendant

13 further  agrees  to  waive  all  constitutional  and  statutory  challenges

14 (including  direct  appeal,  habeas  corpus,  or  any  other  means)  to  any

15 forfeiture  carried  out  in  accordance  with  this  agreement,  including  any

16 claim  that  the  forfeiture  constitutes  an  excessive  fine  or  punishment

17 under  the  United  States  Constitution.  Defendant  agrees  to  take  all  steps

18 as  requested  by  the  United  States  to  pass  clear  title  to  forfeitable

19 assets  to  the  United  States  and  to  testify  truthfully  in  any  judicial

20 forfeiture proceeding.

21     G.    Agreement  Survives  Defendant;  No  Forfeiture  Abatement.

22 Defendant  agrees  that  the  forfeiture  provisions  of  this  plea  agreement

23 are  intended  to,  and  will,  survive  defendant,  notwithstanding  the

24 abatement  of  any  underlying  criminal  conviction  after  the  execution  of

25 this  agreement.  The  forfeitability  of  any  particular  property  pursuant

26 to  this  agreement  shall  be  determined  as  if  defendant  had  survived,  and

27 that  determination  shall  be  binding  upon  defendant's  heirs,  successors

28

Forfeiture Addendum                          3

Def. Initials _VH_

18CR0390-DMS

1   and assigns until the agreed forfeiture, including any agreed money

2   judgment amount, is collected in full.

3

4                                              RANDY S. GROSSMAN
                                               United States Attorney

5   April 6, 2022

6   ‾DATED‾                                    P. KEVIN MOKHTARI
                                               Assistant U.S. Attorney.

7

8   3/14/22
    ‾DATED‾                                    RENE A. SOTORRICO.

9                                              Defense Counsel

10  3/14/22

11  ‾DATED‾                                    WILLIAM ESTUARDO LEMUS-LARA
                                               Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Forfeiture Addendum                    4                Def. Initials _W&_
                                                         18CR0390-DMS